**IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

**JASON BROWNE,**

*Plaintiff*,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

*Defendant*.

Case No: ______________________

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, **JASON BROWNE**, ("**Mr. Browne**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Experian Information Solutions, Inc.** ("**Experian**"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages not to exceed $8,000, exclusive of attorney's fees and costs, brought by Mr. Browne against Experian for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and § 34.01, Florida Statutes.

3. Experian is subject to the jurisdiction of the Court pursuant to § 48.193, Florida Statutes.

4. Venue is proper in Hillsborough County, Florida, pursuant to § 47.051, Florida Statutes, because the acts complained of were committed and / or caused by the Defendant within Hillsborough County.



4/15/2026 5:43 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 1

## PARTIES

5. Mr. Browne is a natural person residing in the city of Tampa, Hillsborough County, Florida.

6. Mr. Browne is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

7. Experian is an Ohio corporation with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Experian is registered to conduct business in the State of Florida, where its registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

9. Experian is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Mr. Browne's March 2026 Consumer Disclosure

10. On or about March 12, 2026, Mr. Browne requested and obtained a copy of his consumer credit disclosure from Experian.

### Experian's Disclosure Was Not Complete, Clear, or Accurate

11. Upon receipt of Mr. Browne's request, Experian was required to "clearly and accurately" disclose all information in Mr. Browne's file at the time of his request, including identification of *each* person, ***including an end user if the report was obtained by a reseller***, who



4/15/2026 5:43 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 2

obtains a consumer report from Experian within the prior year for any purpose. See 15 U.S.C. § 1681g(a)(3)(A)(ii). (Emphasis added).

12. Frequently, Experian fails to even come close to fulfilling its legal obligations to disclose this data, even though it is required to disclose this information.

13. For example, Experian's disclosure shows an inquiry made on November 19, 2025 as such:

| **Account name** | **Date of request(s)** |
|---|---|
| CLARITY/605LEND<br><br>PO BOX 305<br>FLANDREAU, SD 57028 | 11/19/2025 |

14. "CLARITY" refers to Clarity Services, Inc, another CRA. Clarity sells consumer credit reports primarily to loan lenders.

15. At no point would Clarity be the end user of the report.

16. As such, Clarity obtained the report on behalf of a loan lender, and reported the name of the end user to Experian, but Experian reported both Clarity and the actual end user as one entity.

17. Experian did so with several lenders on the report, (Ex. "CLARITY/605LEND and "CLARITY/BOOST CREDITLINE").

18. Not only is another CRA incorporated with the actual end user reporting, some are reporting multiple end users to the point it is impossible to discern who actually requested the report, specifically: ""CLARITY/CCFLOW/TLS/AF247" and "CLARITY/RISE/CAPCMBK/ELE".

19. "Identification" is defined in the FCRA as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

20. Experian failed to even come close to fulfilling its legal obligations to disclose this data, often disclosing what can be fairly called incomprehensible which virtually no one would comprehend, and disclosed what appears to be three end users concerning a single inquiry; moreover, "CCFLOW/TLS/AF247" is not the name of any creditor readily ascertainable to a reasonable person. This labeling does not clearly identify what entity made the inquiry as is required by law.

| Account name | Date of request(s) |
|---|---|
| CLARITY/CCFLOW/TLS/AF247 | 12/02/2025 |

| Account name | Date of request(s) |
|---|---|
| CLARITY/RISE/CAPCMBK/ELE | 09/04/2025 |

21. Along with Experian's failure to disclose the correct lender, the addresses associated with some are vastly misleading or incorrect. For example, CLARITY/BOOST CREDITLINE is reporting with an address of "1920 ALCOTT AVE, CHICO, CA 95928". A simple Google search reveals this is a standard home address and is supposedly owned by the Mechoopda Indian Tribe of Chico Rancheria, therefore making them a tribal lender operating as Boost Credit Line. Many tribes are situated in remote, rural regions away from urban centers. Chico, CA is a highly urban area.

22. Experian also reported the address for accounts "CLARITY/CCCONNECT/TLS" on March 22, 2025 and "CLARITY/CCB/TLS/MKANYLT/" on July 27, 2025 as Clarity's own P.O. Box number: PO BOX 16 ALLEN, TX 75013. Experian reported this address multiple times in association with account CLARITY/CCCONNECT/TLS on March 22, 2025.

23. If Mr. Browne wanted to write a dispute for this account, it would go straight to Clarity, not the actual account who requested Mr. Browne's report.

24. The failure of a person to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied."

25. As a consequence of Experian's conduct, Mr. Browne has suffered damages, including the waste of time spent attempting to determine who accessed his consumer report and how such information was obtained.

26. Experian has failed to provide the legally-required trade names of persons obtaining credit reports, written in full, for more than 10 years, and often substitutes impossible-to-understand shorthand instead.

27. Defendant's ongoing, intentional conduct justifies an award of punitive damages.

28. Mr. Browne has hired the undersigned law firm to represent his in this matter and has assigned it his right to fees and cost.

**COUNT I**
**EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)**

29. Mr. Browne adopts and incorporates paragraphs 1 - 29 as if fully stated herein.

30. Experian violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end user, when applicable, who procured Mr. Browne's consumer report during the one-year period preceding the date on which he made the request.



4/15/2026 5:43 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 5

31. Instead of identifying the actual end users of Mr. Browne's consumer report, Experian disclosed inquiries using incomprehensible abbreviations, shorthand, and combined entity names—including, but not limited to, "CLARITY/605LEND," "CLARITY/BOOST CREDITLINE," "CLARITY/CCFLOW/TLS/AF247," and "CLARITY/RISE/CAPCMBK/ELE"—which do not clearly identify the entity that obtained the report.

32. Experian further failed to properly identify end users by combining the name of a reseller, Clarity Services, Inc., with one or more potential end users, thereby obscuring which entity actually requested Mr. Browne's consumer report.

33. Experian is aware, or should be aware, that its consumer disclosures fail to properly identify end users through the use of abbreviations, shorthand, and combined entity labels, including through numerous consumer complaints and lawsuits alleging similar violations.

34. Experian's conduct was willful, intentional, and exhibited a reckless disregard for its duties to provide clear and accurate disclosures under the FCRA.

35. As a consequence of Experian's conduct, Experian is liable to Mr. Browne for the greater of his actual damages or statutory damages of up to $1,000 per violation, punitive damages, and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n

**WHEREFORE,** Mr. Browne respectfully requests that the Honorable Court enter judgment against Experian for:

a. The greater of statutory damages of **$1,000.00** per incident and Mr. Browne's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

**COUNT II**
**EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)**
**(Pled in the Alternative to Count I)**

36. Mr. Browne adopts and incorporates paragraphs 1 - 29 as if fully stated herein.

37. Experian owed Mr. Browne a legal duty to disclose the identity of each user that obtained his consumer report within one year of his request.

38. Experian breached this duty when it failed to identify each person, including the end user, when applicable, who procured Mr. Browne's consumer report during the one-year period preceding the date upon which he made the request.

39. Experian's disclosure, which used abbreviations, shorthand, reseller identifiers, and combined entity names in place of clear identification, failed to comply with the requirements of 15 U.S.C. § 1681g(a)(3)(A)(ii).

40. Experian's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), and Mr. Browne is entitled to his actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Browne respectfully requests that the Honorable Court enter judgment against Experian for:

a. Mr. Browne's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

**COUNT III**
**EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)**

41. Mr. Browne adopts and incorporates paragraphs 1 - 29 as if fully stated herein.

42. Experian violated 15 U.S.C. § 1681g(a)(2), when responding to Mr. Browne's request for his consumer disclosure, by failing to clearly and accurately disclose to Mr. Browne the sources of information relied upon concerning inquiries reflected in his credit file.

43. Instead of disclosing the true sources of the inquiry information, Experian identified intermediary entities, such as Clarity Services, Inc., and/or provided misleading or inaccurate addresses—including addresses associated with third parties or the intermediary itself—thereby obscuring the actual source of the information.

44. Experian's conduct was willful and intentional, or was carried out with reckless disregard for its obligations under the FCRA to provide clear and accurate disclosures, and its policies could reasonably be expected to cause harm to Mr. Browne.

45. As a result of its conduct, Experian is liable to Mr. Browne for the greater of his actual damages or statutory damages of up to $1,000 per violation, pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Browne respectfully requests that the Honorable Court enter judgment against Experian for:

a. The greater of Mr. Browne's actual damages or statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d. Any other relief that this Court deems just and proper.

**COUNT IV**

**EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(2)**
**(Pled in the Alternative to Count III)**

46. Mr. Browne adopts and incorporates paragraphs 1 - 29 as if fully stated herein.

47. Experian violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose the sources of information underlying the inquiries in Mr. Browne's credit file.

48. Experian's disclosure, which relied on intermediary names, incomplete identifiers, and misleading or inaccurate address information, failed to identify the true sources of the information.

49. Experian's conduct was negligent and constituted a breach of its duties under the FCRA, and its actions could reasonably be expected to cause—and did cause—harm to Mr. Browne.

50. As a result, Experian is liable to Mr. Browne for his actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Browne respectfully requests that the Honorable Court enter judgment against Experian for:

a. Mr. Browne's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Mr. Browne demands a jury trial on all issues so triable.

Respectfully submitted on April 15, 2026, by:

**SERAPH LEGAL, P. A.**



4/15/2026 5:43 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 9

*/s/ Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar No.: 1032167
FGulen@SeraphLegal.com
3505 E Frontage Rd, Ste. 145
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*